Treat, C. J. This was an action of ejectment brought by James McFadden, against Andrew Gray. It resulted in a judgment for the plaintiff. The premises in dispute were a part of French Claims, eleven, forty-one, and forty-two in Peoria—eleven and forty-one covering the same ground. The proof on the part of the plaintiff was the same as in the case of McFadden v. Ballance. For the facts, and the opinion of the Court, reference is here made to the report of that case, ante p. 317. That decision fully disposes of so much of this case as relates to lot forty-two. It was there held that the patent, under which the plaintiff claims title, was absolutely void as to that lot. And we hold that it was equally so as to lot forty-one. The patent had no sufficient basis. It was founded on the assumption, that Wilette was the settler within the purview of the act of the 3rd of March, 1823, and, consequently, that his legal representatives were entitled to the benefits of that act. That conclusion was unauthorized. It by no means follows, because Wilette settled upon and improved this lot, that his legal representatives were entitled to a patent therefor. As we have already said, in the former case, the secretary of the treasury clearly exceeded his authority, in causing a patent to issue to any other person than the claimant under the act of the 15th of May, 1820, or his legal representatives. It was not enough, that a person was a settler prior to the 1st of January, 1813, but he, or his legal representatives, must also have claimed the lot so settled upon and improved, to bring himself, or themselves, within the provisions of the confirmatory act. That act did not confirm any other claims, than those contained in the report of the register. And the confirmation operated exclusively to the benefit of the claimants, and their legal representatives. No claim was ever made to lot forty-one, either by Wilette, or his legal representatives. It is true, that Pilette, in right of his wife, who was a daughter of Wilette, was a elaimantbut he did not claim in the character of a legal representative. The phrase “ the daughter of the late Francis Wilette,” was merely descriptive of the person. Pilette and his wife, as individuals, and not as the legal representatives of Wilette, were the claimants. If they were entitled to a patent, it should have been issued to them by name, and not to the legal representatives of another person. And this should have been the case, even if they had claimed the lot in the character of the representatives of Wilette. It was-clearly the duty of the secretary to direct the patents to be issued to the real claimants, or to their legal representatives. Under the rule adopted by him, if Wilette had left ten descendants, they could all now claim to hold under this patent: as tenants in common, although in point of fact, but one of their number ever interposed a claim to the lot, and that too, not on the behalf of suclb descendants generally, but for himself exclusively. Where a party made a claim under the act of 1820, and died either before the passage of the confirmatory act, or the issuing of the patent,, it might very properly issue to his legal representatives. But in. other cases, the patent ought to issue directly to the claimant. The Court erred in permitting the patent to be read in evidence; and its judgment must be reversed, and the cause-remanded. Judgment reversed.